***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Harris with minor modifications.
 ***********
The following documents were proffered as evidence at the hearing before the Deputy Commissioner:
 EXHIBITS
1. Plaintiff's Exhibit 1: Documents concerning denial of grievance process *Page 2 
2. Plaintiff's Exhibit 2: Excerpts from Health Services Policy 
Procedure Manual
3. Plaintiff's Exhibit 3: Pharmacy printout for Plaintiff
4. Plaintiff's Exhibit 4: Article "HIV Treatment in Prison"
5. Plaintiff's Exhibit 5: Article "Fire in the Belly"
6. Plaintiff's Exhibit 6 (provided with Contentions): Medical records
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was in Defendant's custody in 1995 when he was diagnosed as being HIV-positive. He remained in Defendant's custody through 2000 and received medications to combat his infection during his incarceration from 1995 through 2000.
2. Plaintiff was incarcerated in the Greensboro jail from April 20, 2002 until July 19, 2002. On July 19, 2002, he was transferred to the High Point jail.
3. On September 4, 2002, Plaintiff was sentenced to serve a prison term in Defendant's custody. However, he remained incarcerated in the High Point jail from September 4, 2002 until Defendant took actual custody of Plaintiff on September 24, 2002.
4. During the period from September 4, 2002 through September 24, 2002, Plaintiff did not receive his HIV medications as prescribed. Based upon a review of the medical records, the Full Commission finds that Defendant's contractor, Prison Health Services, Inc., was in charge of providing medical treatment to inmates, including Plaintiff, at the High Point jail during this period. *Page 3 
5. Before Plaintiff went into the High Point jail, his CD-4 blood count was 490, which is in the normal range. Shortly after his September 24, 2002 transfer into the actual custody of Defendant, Plaintiff's CD-4 count was 199, which is considered to be indicative of full-blown AIDS.
6. Since Defendant took actual custody of Plaintiff on September 24, 2002, Plaintiff has received his medications as prescribed, and his condition has improved. His latest CD-4 count was 581, again in the normal range.
7. There was no medical testimony regarding whether the lapse in medications from September 4 through September 24, 2002 caused Plaintiff's CD-4 count to drop precipitously, nor was there any medical testimony regarding whether the temporary drop caused any appreciable and lasting ill effect to Plaintiff's overall health.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Defendant, through its contractor Prison Health Services, Inc., owed Plaintiff a duty to provide him his HIV medications in a routine and timely fashion while Plaintiff was incarcerated from September 4 through September 24, 2002 in the High Point jail. N.C. Gen. Stat. § 143-291; See Pulley v. Rex Hosp., 326 N.C. 701, 392 S.E.2d 380 (1990).
2. Defendant, through its contractor Prison Health Services, Inc., breached the duty it owed to Plaintiff when it failed to provide him his medications in a routine and timely fashion from September 4 through September 24, 2002. N.C. Gen. Stat. § 143-291 et seq. *Page 4 
3. However, Plaintiff has not shown that the failure to provide him his medications during said period actually and proximately caused him to develop full-blown AIDS, nor has he shown any damages. Id.
4. As such, Plaintiff's claim for damages must fail. Id.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDERED
1. Plaintiff's claim under the State Tort Claims Act must, under the law, be and hereby is DENIED, and his claim is DISMISSED WITH PREJUDICE.
2. No costs are taxed, as Plaintiff was permitted to file this claimin forma pauperis.
This 28th day of July 2008.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1